# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GAVATA S. KING, | * | |
| Petitioner | * | |
| v | * | Civil Action No. ELH-13-3750 |
| DAVID BLUMBERG, | * | |
| Respondent | * | |

## **MEMORANDUM**

On December 16, 2013, Gavata S. King filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the denial of parole. ECF No. 1. Respondent, David Blumberg, Chair of the Maryland Parole Commission, has filed an answer in which he asks the Court to dismiss the petition on the basis that King failed to exhaust her claim in state court. ECF No. 9. Petitioner has filed a reply. ECF No. 10. No hearing is necessary to resolve this matter. *See* Local Rule 105.6.

## **Background**

King contends that Maryland law and regulations concerning parole were not fairly applied to her. She indicates that she was denied parole based upon her "criminal history," which, according to King, is not a determining factor under Md. Code (2008 Repl. Vol., 2013 Supp.), § 7-305 of the Correctional Services Article ("C.S."). King indicates that she has written to the Commission seeking reconsideration for parole and has been advised that, per Commission policy #089-002, she will be reconsidered for parole after two years. *Id.* Therefore, she seeks an order "to compel the [Maryland] Parole Commission to review [her] progress prior to two years" from her last review date, ECF No. 1, § IV, and requiring that the Commission be "made to

strictly follow the factors to be considered under C.S. § 7-305; not their own reasoning of criminal history." *Id.* King points out that, under Code of Maryland Regulations ("COMAR") 12.08.01.23B, parole may be considered "at any time." *Id*.

## Discussion

By virtue of a valid criminal conviction and her subsequent, legal confinement, a prisoner loses her expectation of liberty. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976). In order to invoke pre-deprivation procedural due process protections, a prisoner must first establish that she has been subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U. S. 472, 484 (1995).

The Constitution itself does not create a protected liberty interest in the expectation of early release on parole. *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U. S. 1, 7 (1979); *see also Jago v. Van Curen*, 454 U. S. 14, 18 (1981) (mutually explicit understanding that inmate would be paroled does not create liberty interest). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz*, 442 U.S. at 7; *Burnette v. Faye*, 687 F.3d 171 (4th Cir. 2012). Therefore, where prisoners have no protected liberty interest in parole they cannot file suit challenging a state parole review procedure on due process grounds. *See Bryant v. Maryland,* 848 F.2d 492, 493 (4th Cir. 1988) ("the Maryland parole statute does not create a legitimate expectation of parole release"); *McLaughlin-Cox v. Maryland Parole Com'n*, 200 Md. App. 115, 24 A.3d 235 (2011) (holding Maryland statutory scheme governing Maryland Parole Commission's consideration of parole did not create a liberty interest protected by due process).

The only claims presented by King are allegations that the Maryland Parole Commission improperly applied Maryland law and regulations when considering both her eligibility for

parole and her entitlement to reconsideration of parole eligibility. Such claims are not cognizable in federal court. As such, the court need not reach respondent's argument that King has not exhausted state court remedies.[1]

To the extent the petition is construed as a petition for mandamus relief, wherein King seeks to compel a certain action by the state and/or its agents, the petition is likewise subject to dismissal. Federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. *See* 28 U.S.C. § 1361. However, the federal district court has no mandamus jurisdiction over state employees and cannot compel the Maryland Parole Commission to provide petitioner a reconsideration hearing. *See generally Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 586-87 (4th Cir. 1969). Therefore, King's request for mandamus relief shall be denied.

King has no absolute entitlement to appeal a district court's denial of her habeas corpus

---

[1] Respondent generally states that King failed to exhaust state court remedies but fails to explicate what procedures she failed to follow. Under C.S. §7-306(d)(3) and COMAR 12.08.01.19, when a parole hearing is held by a parole hearing examiner, exceptions to the parole decision are permitted to be filed with the Commission within five days of the written decision. No exceptions are permitted in cases heard by two or more Commissioners. Further, the decision to deny parole is not a final decision. Under COMAR 12.08.01.23B King's case can be reconsidered and parole granted after it was previously denied.

Additionally, a prisoner who "alleges entitlement to immediate release and makes a colorable claim that he or she has served the entire sentence less any mandatory [diminution] credits" may seek relief directly from Maryland courts by petition for a writ of habeas corpus. *See Maryland House of Correction v. Fields*, 348 Md. 245, 261, 703 A.2d 167, 175 (1997). The inmate may appeal a circuit court's decision denying habeas corpus relief to the Maryland Court of Special Appeals, and may thereafter seek *certiorari* in the Maryland Court of Appeals. *See generally Stouffer v. Pearson*, 390 Md. 36, 887 A.2d 623 (2005); *Jones v. Filbert*, 155 Md. App. 568, 843 A.2d 908 (2004); *Stouffer v. Staton*, 152 Md. App. 586, 833 A.2d 33 (2003). King does not, however, allege that she is entitled to immediate release. Rather, she maintains that the Parole Commission applied state law incorrectly to her parole review and that she is entitled to parole reconsideration.

request. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at §2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (*quoting Slack v. Daniel*, 529 U.S. 473, 484 (2000)). King has failed to demonstrate entitlement to a COA in the instant case.

## Conclusion

Accordingly, based upon the foregoing reasons, the habeas corpus relief requested shall be denied and the case shall be dismissed. A certificate of appealability shall not issue and the Clerk shall be directed to close this case. A separate Order follows.


April 3, 2014　　　　　　　　　　　　　　/s/
Date　　　　　　　　　　　　　　　　　Ellen Lipton Hollander
　　　　　　　　　　　　　　　　　　　United States District Judge